IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DOMINIQUE PEARSON, § | |
| Movant, § | |
| § | 3:18-cv-1677-K (BT) |
| § | 3:14-cr-0340-K (BT) (03) |
| v. § | |
| § | |
| UNITED STATES OF AMERICA, § | |
| Respondent. § | |

## MEMORANDUM OPINION AND ORDER

Movant Dominique Pearson filed this motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255. For the following reasons, the Court GRANTS Pearson's motion to vacate his conviction under 18 U.S.C. § 924(c) (Count Two) and DENIES his motion to vacate his conviction for conspiracy to commit Hobbs Act robbery (Count One).

I.

Pearson pleaded guilty to conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) (Count One), and using, carrying, or brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c) (Count Two). On May 17, 2017, the Court sentenced him to 36 months' imprisonment on Count One, and 84 months' imprisonment on Count Two, to run consecutively.

Pearson filed his petition *pro se* arguing: (1) his guilty plea for the § 924(c)

offense (Count Two) was involuntary because he believed he was only pleading guilty to Count One; (2) his confession was coerced because the government told him that if he proceeded to trial he would "be looking at a term of 20 years"; (3) his conviction under § 924(c) is unlawful under the Supreme Court's decisions in *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018); (4) he received ineffective assistance of trial and appellate counsel when counsel failed to inform him that conspiracy to commit Hobbs Act robbery did not support a conviction under § 924(c); and (5) counsel failed to file an appeal challenging the § 924(c) conviction although Pearson instructed him to do so.

On August 27, 2018, December 21, 2018, and August 26, 2019, the government filed responses to the motion. The government argues Pearson's claims are procedurally barred and without merit, and his challenge to the conspiracy to commit Hobbs Act robbery conviction in Count One is barred by the statute of limitations. The government also claims that any challenge to Pearson's § 924(c) conviction under the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), is waived by the post-judgment waiver in Pearson's plea agreement. In *Davis*, the Supreme Court found the residual clause of the "crime of violence" definition contained in 18 U.S.C. § 924(c)(3)(B) unconstitutionally void for vagueness. The holding in *Davis* applies retroactively to cases on collateral review. *See United States v. Reece*, 938 F.3d 630, 634-35 (5th Cir. 2019).

2

On September 12, 2019, the Court appointed counsel for Pearson. Counsel filed a reply to the government's responses arguing Pearson's § 924(c) conviction is invalid under *Davis* because conspiracy to commit Hobbs Act robbery is no longer a crime of violence under that Section. The government concedes Pearson's § 924(c) conviction is "problematic," stating:

> In light of *Davis*, Pearson's Section 924(c) conviction that is tethered to his conviction for conspiracy to commit Hobbs Act robbery is problematic because a conspiracy to commit Hobbs Act robbery does not have as an element the use, attempted use, or threatened use of force for purposes of Section 924(c)(3)(A), and now Section 924(c)(3)(B) cannot support it. *See United States v. Lewis*, 907 F.3d 891, 894-95 (5th Cir. 2018).

(ECF No. 22 at 6.)

Nonetheless, the government argues Pearson waived the right to challenge his § 924(c) conviction due to the waiver of post-conviction relief in his plea agreement. In response, Pearson argues the waiver is unenforceable because he cannot waive a right that was unknown at the time of the waiver, and because enforcement of the waiver would result in a miscarriage of justice.

## II.

1. <u>Pearson's challenge to his conviction in Count One is procedurally barred, without merit, and barred by the statute of limitations.</u>

Pearson argues his conspiracy to commit Hobbs Act robbery conviction is invalid because the government coerced his confession. Any challenge to this conviction, however, is procedurally barred, without merit, and barred by the statute of limitations.

3

The Antiterrorism and Effective Death Penalty Act of 1996 establishes a one-year statute of limitations for federal habeas proceedings. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub. L. 104-132, 110 Stat. 1214 (1996) (AEDPA). The statute provides that the limitations period shall run from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the [movant] was prevented from filing by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2255(f).

In most cases, the limitations period begins to run when the judgment becomes final. *See* 28 U.S.C. § 2255(f)(1). Here, the Court entered final judgment on May 18, 2017, and Pearson did not appeal. His conviction became final 14 days later, on June 1, 2017. *See* Fed. R. App. P. 4(b)(A) (stating a notice of appeal must be filed within 14 days of entry of judgment). Pearson then had one year, or until June 1, 2018, to file his claims. He did not file this claim until June 20, 2018, when he certified that he placed his petition into the prison mail system. His petition is therefore untimely.

4

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that "'[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). A movant bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Pearson argues he was unable to timely file his petition because his prison unit was on lockdown multiple days in April and May 2018, which prevented him from accessing the law library. Pearson, however, fails to explain why he needed access to the law library to submit his petition even though his petition includes no legal arguments. Instead, Pearson filed his legal arguments on August 23, 2018, when he filed a memorandum in support of his petition. He has failed to show that the lockdowns prevented the timely filing of his petition. His challenge to his conspiracy to commit Hobbs Act robbery conviction in Count One is therefore barred by the statute of limitations.

5

Pearson's challenge to his conviction in Count One is also procedurally barred from review because he failed to raise the claim on direct appeal.   When a movant fails to raise a claim on direct appeal, the claim is procedurally defaulted and can only be considered under § 2255 if the movant can show cause for his failure to raise the claim on direct appeal and actual prejudice, or that he is actually innocent. *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Here, Pearson does not allege any reason for his failure to raise this claim on direct appeal. Although he claims he instructed his counsel to appeal his § 924(c) conviction, he does not claim that he asked his counsel to challenge the voluntariness of his confession.   He also does not allege that he was actually innocent of conspiracy to commit Hobbs Act robbery.   His claim is therefore procedurally barred.

Finally, Pearson's claim is also without merit.   He argues the government coerced him into confessing by telling him that if he proceeded to trial he would "be looking at a term of 20 years."   (ECF No. 1 at 7.)

"A confession is voluntary if it is the product of the defendant's free and rational choice; it is voluntary in the absence of official overreaching, either by direct coercion or subtle psychological persuasion." *United States v. Mullin*, 178 F.3d 334, 341 (5th Cir.1999) (citing *United States v. Restrepo*, 994 F.2d 173, 183 (5th Cir.1993)). "A truthful and noncoercive statement of the possible penalties which an accused faces may be given to the accused without overbearing one's free will." *See United States v.*

6

*Ballard*, 586 F.2d 1060, 1063 (5th Cir. 1978). Further, statements that a defendant will be "sent to prison for the rest of his life is insufficient, standing alone, to establish that the defendant's subsequent cooperation was involuntary." *United States v. Smith*, 609 F. App'x 180, 187 (5th Cir. 2015) (quoting *United States v. Rico,* 51 F.3d 495, 507 (5th Cir.1995)).

Here, Pearson's statutory maximum sentence for the conspiracy to commit Hobbs Act robbery was twenty years in prison, and the § 924(c) conviction required a minimum seven-year consecutive sentence to Count One. (*See* PSR at, ECF No. 281-1.) Pearson's claim that the government informed him of the maximum penalties for his offenses fails to establish that his confession was coerced. This claim is denied.

2.  <u>Pearson's post-conviction waiver is not enforceable under the miscarriage of justice exception.</u>

Pearson argues the collateral review waiver in his plea agreement is not enforceable to foreclose review of his § 924(c) conviction. A collateral review waiver is generally enforced where the waiver "was knowing and voluntary, and if the waiver applies to the circumstances at hand." *United States v. Walters*, 732 F.3d 489, 491 (5th Cir. 2013) (citing *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005)). The Fifth Circuit has recognized exceptions to this general enforcement rule where a movant raises a claim of ineffective assistance of counsel and where a sentence exceeds the statutory maximum. *United States v. Barnes*, __ F.3d __, 2020 WL 1332927 *4 (5th Cir. Mar. 23, 2020).

Here, Pearson asks the Court to recognize a miscarriage of justice exception to enforcement of the waiver. He states: "Enforcing the appeal waiver in this circumstance would leave in place a conviction under an unconstitutional statute. It would leave Petitioner convicted and serving a seven-year sentence for a facially non-existent crime." (ECF No. 35 at 4.)

Although the Fifth Circuit has declined to explicitly adopt or reject a miscarriage of justice exception to enforcement of a post-conviction waiver, *Barnes*, 2020 WL 1332927 at *5 (citing *United States v. Ford*, 688 F. App'x 309, 309 (5th Cir. 2017) (per curiam), the Court finds a miscarriage of justice exception is appropriate in this case.

As the Supreme Court has recognized, a conviction and punishment for an act that the law does not criminalize, "inherently results in a complete miscarriage of justice" and "presents exceptional circumstances that justify collateral relief under § 2255." *Davis v. United States*, 417 U.S. 333, 346- 47 (1974). The Fifth Circuit has also declined to enforce an appellate waiver where, "as a matter of law, the indictment itself affirmatively reflects that the offense sought to be charged was not committed." *United States v. White*, 258 F.3d 374, 380 (5th Cir. 2001). The Court stated, "[t]he government cites no authority, and we are aware of none, that holds that a defendant can waive his substantive right 'to be free of prosecution under an indictment that fails to charge an offense.'" *Id*. (citing *United States v. Meacham,* 626 F.2d 503, 509–10 (5th Cir.1980)).

Here, the indictment charged Pearson with using, carrying, or brandishing a firearm during a crime of violence, "namely, conspiracy to interfere with commerce by robbery, in violation of 18 U.S.C. § 1951(a) as alleged in Count One of this indictment," but the Hobbs Act conspiracy in Count One did not qualify as a crime of violence. (ECF No. 56 at 7 Crim. Case). The indictment therefore failed to charge an offense under § 924(c). Other jurisdictions have also found that a post-conviction waiver does not foreclose a defendant's challenge to his § 924(c) conviction under *Davis*. *See Bonilla v. United States*, 2020 WL 489573 at * 3 (E.D.N.Y January 29, 2020) (granting a 2255 motion and vacating § 924(c) conviction based on *Davis* despite post-conviction waiver); *United States v. Brown* , __ F. Supp.3d __  2019 WL 6521942 * 4 (N.D. Cal. November 8, 2019) (granting 2255 motion challenging §924(c) conviction based on *Davis* concluding that petitioner's collateral-review waiver cannot be enforced).

The government cites the Fifth Circuit's decision in *United States v. Burns*, 433 F.3d 442 (5th Cir. 2005), to argue that the appeal waiver is enforceable. In *Burns*, the Court stated, "an otherwise valid waiver of appeal is not rendered invalid, or inapplicable to an appeal seeking to raise a newly recognized error merely because the waiver was made before the error was recognized." *Id* at 190-191. The *Burns* opinion, however, addressed whether the appeal waiver applied to the defendant's sentence and not whether the conviction itself was unlawful. Similarly, in *United States v. Barnes*, __

9

F.3d __, 2020 WL 1332927 at *4 (5th Cir. Mar. 23, 2020), and *United States v. Burns*, 770 F. App'x 187, 181 (5th Cir. 2019) (per curiam), the Fifth Circuit enforced post-conviction waivers where the petitioners challenged their sentences but did not challenge the legality of their convictions. Further, these cases do not address whether a miscarriage of justice exception applies to an unlawful conviction.

The Court finds that Pearson was convicted under an indictment that did not charge a valid offense, and that he is actually innocent of the charged offense. Under these circumstances the miscarriage of justice exception applies, and Pearson's collateral-review waiver is not enforceable.

3.  <u>Pearson is entitled to relief on his § 924(c) conviction.</u>

Because the Court finds the post-conviction waiver is not enforceable, the Court now considers the merits of Pearson's challenge to his § 924(c) conviction. As the government has conceded, Pearson's conviction for conspiracy to commit Hobbs Act robbery does not satisfy the requirements of § 924(c)(3)(A)'s force clause, *United States v. Lewis*, 907 F.3d 891, 894-95 (5th Cir. 2018), and under *Davis* the residual clause of the "crime of violence" definition contained in 18 U.S.C. § 924(c)(3)(B) is unconstitutionally void for vagueness. Pearson is therefore entitled to relief. Because the Court finds Pearson is entitled to relief under *Davis*, the Court does not address Pearson's alternative claims for relief.

III.

For the foregoing reasons, the Court DENIES Pearson's motion challenging his conviction for conspiracy to commit Hobbs Act robbery under Count One, GRANTS Pearson's motion challenging his conviction for using, carrying, or brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c) under Count Two, and VACATES Pearson's § 942(c) conviction under Count Two. The Court will enter an order in the criminal case setting a schedule for resentencing, and that order will provide deadlines for any additional submissions from Probation or the parties.

SO ORDERED.

Signed April 17th, 2020.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICE JUDGE

11